UNITED STATES DISTRICT COURT IN AND FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

CASE NO:

SERGIO LINARES,

    Plaintiff,

vs.

REYES INVESTMENTS, INC. d/b/a     **PLAINTIFF DEMANDS**
VISTA CARS AND TRUCKS,     **TRIAL BY JURY**
CHARLIE REYES and
CARLOS REYES

    Defendants.
_____/

## ORIGINAL COMPLAINT

Plaintiff, SERGIO LINARES, by and through the undersigned counsel, hereby files this Complaint against Defendants, REYES INVESTMENTS, INC. d/b/a VISTA CARS AND TRUCKS ("VISTA"); CHARLIE REYES ("CHARLIE"); and CARLOS REYES ("CARLOS"), and states as follows:

### JURISDICTION AND VENUE

1. This action is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-216, and this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

2. Plaintiff was a resident of Harris County, Texas at the time the dispute arose, is over the age of eighteen (18), and is otherwise *sui juris*.

3. Defendant VISTA is a Texas Corporation that regularly transacts business in Harris County, and is doing business in Harris County, Texas.

4. Defendant VISTA was one of Plaintiff's FLSA employers during Plaintiff's period of employment, which is the subject of this lawsuit.

5. Defendant CHARLIE is, and at all material times, held himself out to be the owner of VISTA, who exercised control over significant aspects of the company's day-to-day functions, including paying Plaintiff.

6. Defendant CARLOS is, and at all material times, held himself out to be the co-owner and president of VISTA, who exercised control over significant aspects of the company's day-to-day functions, including paying and firing Plaintiff.

7. Venue is proper in this Court as the events giving rise to this action arose in Harris County, Texas.

8. All conditions precedent to maintaining this action have been satisfied, excused, or waived.

## GENERAL ALLEGATIONS

9. Defendant VISTA is a used car dealership in Houston, Texas.

10. Plaintiff was employed by Defendants as a night shift security guard from February 4, 2012, through February 3, 2022.

11. As a security guard, Plaintiff was required to lock up all the cars on the lot, prevent intruders from coming into the lot after hours, clean floors and desks, water the flowers, pick up trash around the property, keep guard of the lot premises, open the lot for incoming tow trucks, and contact police when necessary.

12. The corporate Defendant, VISTA, is a Texas corporation, which at all material times, was and is engaged in interstate commerce.

13. Under 29 U.S.C. § 206(a)(1), an employer is required to pay his employees not less than $7.25 an hour (regular rate).

14. Defendants failed to pay Plaintiff the minimum wage for the entire period of Plaintiff's employment with Defendants.

15. Defendants willfully failed to compensate Plaintiff for all regular hours worked.

16. Defendants failed to pay a significant amount of wages to Plaintiff, which are all past due.

17. Defendant CHARLIE, as the individual officer and/or supervisor of VISTA, failed to pay significant wages to Plaintiff.

18. Defendant CARLOS, as the individual officer and/or supervisor of VISTA, failed to pay significant wages to Plaintiff.

19. Under 29 U.S.C. § 207(a)(1), an employer is required to pay his employees time-and-a-half overtime wages for every hour worked in excess of forty (40) hours in a workweek.

20. Defendant VISTA failed to pay Plaintiff his overtime wages for every hour that Plaintiff worked in excess of forty hours in a workweek.

21. Defendant VISTA willfully failed to compensate Plaintiff for all hours worked, including the hours Plaintiff worked in excess of (40) hours per week at the appropriate rate.

22. Defendant VISTA denied significant wages to Plaintiff.

23. Defendant failed to give Plaintiff a 1099 or W-2 form from February 4, 2012, through December 31, 2020.

24. Defendant paid Plaintiff cash for his work from February 4, 2012, through December 31, 2020.

25. Defendant began to pay Plaintiff with checks in 2021.

## COUNT I:
## FEDERAL MINIMUM WAGE VIOLATION UNDER 29 U.S.C. §§ 201 - 216
**(Against all Defendants)**

26. Plaintiff adopts and realleges paragraphs 1 through 27 as though fully set forth herein.

27. Defendants are in the car dealership business and were and are engaged in interstate commerce.

28. Defendants' business, and the Plaintiff's work for Defendants affected interstate commerce for the relevant period because the materials and goods Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by Defendants to use on the job moved through interstate commerce. Plaintiff's work for Defendants was in and/or so closely related to the movement of commerce that the FLSA applies to Plaintiff's work for Defendants.

29. Defendant VISTA was Plaintiff's employer from February 4, 2012, through February 3, 2022.

30. Defendant VISTA's business is so closely related to the movement of commerce that the FLSA applies to Plaintiff's work for Defendant VISTA.

31. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiff did, thus making Defendants' VISTA business enterprise covered under the FLSA.

32. The FLSA applies to Defendants' business activities.

33. Defendants are liable for minimum wage pay for the entire period of Plaintiff's employment with Defendant, VISTA, or as much as allowed by the FLSA.

34. Upon information and belief, the Defendant VISTA, had gross sales or business done in excess of $500,000 annually for the years 2019, 2020, and 2021 and likely will have gross sales in excess of $500,000 for the year 2022.

35. Accordingly, Plaintiff is owed minimum wage for all regular work hours (40 hours per week), as required by the FLSA.

36. Defendant CHARLIE is personally liable for minimum wage pay for the entire period of Plaintiff's employment with Defendant VISTA, or as much as allowed by the FLSA.

37. Defendant CARLOS is personally liable for minimum wage pay for the entire period of Plaintiff's employment with Defendant VISTA, or as much as allowed by the FLSA.

38. Defendants paid Plaintiff $410.00 per week, $3.76 the hour, which is below the minimum wage, for the year 2019.

39. The calculation for what Plaintiff is owed of regular salary by Defendants VISTA, CHARLIE and CARLOS is as follows:

2019:

$410.00 (salary) / 109 (total hours a week) = $3.76/hour (below the $7.25 minimum wage)

$3.76 x 40 (regular work hours) = $150.40 (total regular salary paid per week)

$150.40 x 52 (weeks in a year) = $7,820.80 (total regular salary paid per year)

$7.25 (minimum wage) – $3.76 (actual wage) = $3.49 (regular hourly wage due)

$3.49 x 40 (regular work hours) = $139.60 (regular wages due per week)

$139.60 x 52 (weeks in a year) = $7,259.20 (regular wages due for year 2019)

$7,259.20 x 2 (liquidated double damages) = **$14,518.40**

40. Defendants, however, paid Plaintiff $440.00 per week, $4.04 the hour, which is below the minimum wage, for the year 2020.

41. The calculation for what Plaintiff is owed of regular salary by Defendants VISTA, CHARLIE and CARLOS is as follows:

2020:

$440.00 (salary) / 109 (total hours a week) = $4.04/hour (below the $7.25 minimum wage)

$4.04 x 40 (regular work hours) = $161.60 (total regular salary paid per week)

$161.60 x 52 (weeks in a year) = $8,403.20 (total regular salary paid per year)

$7.25 (minimum wage) – $4.04 (actual wage) = $3.21 (regular hourly wage due)

$3.21 x 40 (regular work hours) = $128.40 (regular wages due per week)

$128.40 x 52 (weeks in a year) = $6,676.80 (regular wages due for year 2020)

$6,676.80 x 2 (liquidated double damages) = **$13,353.60**

42. Defendants, however, paid Plaintiff $470.00 per week, $4.31 the hour, which is below the minimum wage, for the year 2021.

43. The calculation for what Plaintiff is owed of regular salary by Defendants VISTA, CHARLIE and CARLOS is as follows:

2021:

$470.00 (salary) / 109 (total hours a week) = $4.31/hour (below the $7.25 minimum wage)

$4.31 x 40 (regular work hours) = $172.40 (total regular salary paid per week)

$172.40 x 52 (weeks in a year) = $8,964.80 (total regular salary paid per year)

$7.25 (minimum wage) – $4.31 (actual wage) = $2.94 (regular hourly wage due)

$2.94 x 40 (regular work hours) = $117.60 (regular wages due per week)

$117.60 x 52 (weeks in a year) = $6,115.20 (regular wages due for year 2021)

$6,115.20 x 2 (liquidated double damages) = **$12,230.40**

44. Defendants, however, paid Plaintiff $500.00 per week, $4.59 the hour, which is below the minimum wage, for the year 2022.

45. The calculation for what Plaintiff is owed of regular salary by Defendants VISTA, CHARLIE and CARLOS is as follows:

2022:

$500.00 (salary) / 109 (total hours a week) = $4.59/hour (below the $7.25 minimum wage)

$4.59 x 40 (regular work hours) = $183.60 (total regular salary paid per week)

$183.60 x 6 (weeks before termination) = $1,101.60 (total regular salary paid per year)

$7.25 (minimum wage) – $4.59 (actual wage) = $2.66 (regular hourly wage due)

$2.66 x 40 (regular work hours) = $106.40 (regular wages due per week)

$106.40 x 6 (weeks before termination) = $638.40 (regular wages due for year 2022)

$638.40 x 2 (liquidated double damages) = **$1,276.80**

$14,518.40 + $13,353.60 + $12,230.40 + $1,276.80 = **$41,379.20 (total minimum wage wages due to Mr. Linares including double damages).**

46. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the FLSA since Defendants knew of the FLSA minimum wage requirements but nevertheless refused to pay Plaintiff minimum wages. Defendants owe Plaintiff these wages as of January 1, 2019, of Plaintiff's employment with Defendants through Plaintiff's termination date of February 3, 2022.

47. Defendants' employment practices described above resulted in Plaintiff not receiving appropriate compensation in willful violation of Plaintiff's rights secured by the FLSA, 29 U.S.C. § 201 et seq.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants, REYES INVESTMENTS, INC./ VISTA CARS AND TRUCKS, CHARLIE REYES, and CARLOS

REYES for unpaid minimum wages, liquidated damages, interest, court costs, and reasonable attorneys' fees as authorized under the Fair Labor Standards Act, 29 U.S.C.S. § 216(b) and any other applicable authority, along with all further relief that this Court deems just and proper.

## COUNT II:
## FEDERAL OVERTIME WAGE VIOLATION UNDER 29 U.S.C. §§ 201 - 216
### (Against all Defendants)

48. Plaintiff adopts and realleges paragraphs 1 through 48 as though fully set forth herein.

49. Defendants are in the car dealership business and were and are engaged in interstate commerce.

50. Defendants' business, and the Plaintiff's work for Defendants affected interstate commerce for the relevant period because the materials and goods Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by Defendants to use on the job moved through interstate commerce. Plaintiff's work for Defendants was in and/or so closely related to the movement of commerce that the FLSA applies to Plaintiff's work for Defendants.

51. Defendants were Plaintiff's employer from February 4, 2012, through February 3, 2022.

52. Defendant VISTA's business is so closely related to the movement of commerce that the FLSA applies to Plaintiff's work for Defendant VISTA.

53. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiff did, thus making Defendants' VISTA business enterprise covered under the FLSA.

54. The FLSA applies to Defendants' business activities.

55. Defendants are liable for overtime pay for the entire period of Plaintiff's employment with Defendant, VISTA, or as much as allowed by the FLSA.

56. Upon information and belief, the Defendant VISTA, had gross sales or business done in excess of $500,000 annually for the years 2019, 2020, and 2021 and likely will have gross sales in excess of $500,000 for the year 2022. Defendants paid Plaintiff in cash and had a significant cash business which may not have been reported on its annual tax returns.

57. Plaintiff worked more than 40 hours per week throughout his employment with Defendants.

58. On average, Plaintiff worked for Defendant 14 hours per day, for seven days per week.

59. Put another way, Plaintiff worked approximately 109 hours per week for Defendants.

60. Plaintiff was not paid overtime for the hours that exceeded 40 hours per week.

61. Accordingly, Plaintiff is owed time and a half for all hours he worked over 40 each week, as required by the FLSA.

62. Defendant CHARLIE is personally liable for overtime pay for the entire period of Plaintiff's employment with Defendant, VISTA, or as much as allowed by the FLSA.

63. Defendant CARLOS is personally liable for overtime pay for the entire period of Plaintiff's employment with Defendant, VISTA, or as much as allowed by the FLSA.

64. Defendants, however, paid Plaintiff $410.00 per week, $3.76 the hour, regardless of how many hours Plaintiff worked in a week, for the year 2019.

65. The calculation for what Plaintiff is owed for time and one-half by Defendants VISTA, CHARLIE and CARLOS is as follows:

2019:

$410.00 (salary) / 109 (total hours a week) = $3.76/hour (below the $10.88 overtime wage)

$3.76 x 69 (overtime work hours) = $259.44 (total overtime salary paid per week)

$259.44 x 52 (weeks in a year) = $13,490.88 (total overtime salary paid per year)

$10.88 (minimum wage time and one half) – $3.76 (actual wage) = $7.12 (overtime hourly wage due)

$7.12 x 69 (overtime work hours) = $491.28 (overtime wages due per week)

$491.28 x 52 (weeks in a year) = $25,546.56 (overtime wages due for year 2019)

$25,546.56 x 2 (liquidated double damages) = **$51,093.12**

66. Defendants, however, paid Plaintiff $440.00 per week, $4.03 the hour, regardless of how many hours Plaintiff worked in a week, for the year 2020.

67. The calculation for what Plaintiff is owed for time and one-half by Defendants VISTA, CHARLIE and CARLOS is as follows:

2020:

$440.00 (salary) / 109 (total hours a week) = $4.03/hour (below the $10.88 overtime wage)

$4.03 x 69 (overtime work hours) = $278.07 (total overtime salary paid per week)

$278.07 x 52 (weeks in a year) = $14,459.64 (total overtime salary paid per year)

$10.88 (minimum wage time and one half) – $4.03 (actual wage) = $6.85 (overtime hourly wage due)

$6.85 x 69 (overtime work hours) = $472.65 (overtime wages due per week)

$472.65 x 52 (weeks in a year) = $24,577.80 (overtime wages due for year 2020)

$24,577.80 x 2 (liquidated double damages) = **$49,155.60**

68. Defendants, however, paid Plaintiff $470.00 per week, $4.31 the hour, regardless of how many hours Plaintiff worked in a week, for the year 2021.

69.     The calculation for what Plaintiff is owed for time and one-half by Defendants VISTA, CHARLIE and CARLOS is as follows:

2021:

$470.00 (salary) / 109 (total hours a week) = $4.31/hour (below the $10.88 overtime wage)

$4.31 x 69 (overtime work hours) = $297.39 (total overtime salary paid per week)

$297.39 x 52 (weeks in a year) = $15,464.28 (total overtime salary paid per year)

$10.88 (minimum wage time and one half) – $4.31 (actual wage) = $6.57 (overtime hourly wage due)

$6.57 x 69 (overtime work hours) = $453.33 (overtime wages due per week)

$453.33 x 52 (weeks in a year) = $23,573.16 (overtime wages due for year 2021)

$23,573.16 x 2 (liquidated double damages) = **$47,146.32**

70.     Defendants, however, paid Plaintiff $500.00 per week, $4.59 the hour, regardless of how many hours Plaintiff worked in a week, for the year 2022.

71.     The calculation for what Plaintiff is owed for time and one-half by Defendants VISTA, CHARLIE and CARLOS is as follows:

2022:

$500.00 (salary) / 109 (total hours a week) = $4.59/hour (below the $10.88 overtime wage)

$4.59 x 69 (overtime work hours) = $316.71 (total overtime salary paid per week)

$316.71 x 6 (weeks before termination) = $1,900.26 (total overtime salary paid per year)

$10.88 (minimum wage time and one half) – $4.59 (actual wage) = $6.29 (overtime hourly wage due)

$6.29 x 69 (overtime work hours) = $434.01 (overtime wages due per week)

$431.01 x 6 (weeks before termination) = $2,586.06 (overtime wages due for year 2021)

$2,586.06 x 2 (liquidated double damages) = **$5,172.12**

$51,093.12 + $49,155.60 + $47,146.32 + $5,172.12 = **$152,567.16 (total amount overtime wages due to Mr. Linares including double damages).**

72. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by FLSA since Defendants knew of the FLSA overtime requirements but nevertheless refused to pay Plaintiff overtime wages. Defendants owe Plaintiff these wages as of January 1, 2019, of Plaintiff's employment with Defendants through Plaintiff's termination date of February 3, 2022.

73. Defendants' employment practices described above resulted in Plaintiff not receiving appropriate compensation in willful violation of Plaintiff's rights secured by the FLSA, 29 U.S.C. § 201 et seq.

## ATTORNEY'S FEES

74. Plaintiff has hired the law firm of Coane and Associates in order to pursue his legal rights in this case. The law firm and Plaintiff are entitled to reasonable and necessary attorney's fees as provided for in the FLSA.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants, REYES INVESTMENTS, INC./ VISTA CARS AND TRUCKS, CHARLIE REYES, and CARLOS REYES for unpaid overtime wages, unpaid minimum wages, liquidated damages, interest, court costs, and reasonable attorneys' fees as authorized under the Fair Labor Standards Act, 29 U.S.C.S. § 216(b) and any other applicable authority, along with all further relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

By: /s/ Aylin Ruiz
**Aylin Ruiz**
Florida Bar No. 123915
Email: aylin.ruiz@coane.com

**Bruce A. Coane**
bruce.coane@gmail.com
S.D. Tex. #7205
5177 Richmond Ave., Suite 770
Houston, TX 77056
Phone: (713) 850-0066
Fax: (832) 558-1780

***ATTORNEYS FOR PLAINTIFF***